No. 2283.

## THE STATE OF TEXAS *v.* J. A. RHOMBERG.

1. CONTINUANCE.—See opinion for facts under which it was held that the State was entitled to a continuance for the term on account of the absence of the depositions of one of the defendants who she had sued, and when counsel had failed to direct cross interrogatories to such defendant in time, after informing the Attorney General that it would be done. and that the witness would attend the trial, when it was shown by the affidavit of the former Attorney General, that the testimony of the witness was material "during the time he had charge of the cause." It will be presumed that it remained material up to the date of the trial, no amendment of the pleadings having been made after the term of such former Attorney General's office had expired.

2. JOINDER OF PARTIES AND OF CAUSES OF ACTION.—See opinion for
   lengthy allegations in a petition filed by the State, in a suit brought
   under the provisions of the act of 1883, known as "the Land Fraud
   Act," under which it was held that the joinder of all the defendants
   and of all the purchasers of land in one suit, was proper, if not neces-
   sary.

3. PARTIES.—In a suit brought by the State under the act of 1883, known
   as the "Land Fraud Act" to cancel purchases of land, all persons in
   whose names the purchases were made, when the charge is that many
   purchases were made for the benefit of one or more of the defendants,
   are necessary parties.

4. CASE FOLLOWED.—The decision in The State v. Snyder, 66 Texas, 687, to
   the effect that a tender of money received by the State from one alleged
   to have fraudulently purchased her land, can not be demanded as pre-
   requisite to the right of the State to cancel the contract, in a suit
   brought for that purpose.

5. RIGHT OF ACTION.—In this case, the right of action is based upon the
   acts of 1879 and 1881, and the authority for bringing the suit, only, is
   derived from the act of 1883. The suit can not be properly maintained
   under the last act.

APPEAL from Travis. Tried below before the Hon. A. S.
Walker.

This suit was instituted in the district court of Travis county
on the twenty-sixth day of December, 1883, by the State of Tex-
as, by and through her Attorney General and District Attorney,
against J. A. Rhomberg, F. M. Robinson, George Berden, H. W.
Day, Alonzo Cragin, A. L. Rhomberg, John H. Kline, Maria
Kounz and F. A. Rumpf, as defendants, for the purpose of can-
celing a pretended purchase by defendants of one hundred and
seventy sections of school land. The pretended purchase of the
land was made under the act of July 8, 1879, providing for the
sale of alternate sections of school lands situated in organized
counties, and the act of April 6, 1881, amendatory thereof, pro-
viding for the sale of such lands in unorganized counties. The
Land Fraud Board, three members concurring, advised and
directed the Attorney General to bring the suit.

· Appellant, in its amended original petition, alleged that all of
the lands were public lands, having been legally surveyed and
set aside for the benefit of the common school fund. That de-
fendants, on the        day of              , 1881, and on divers
days subsequent thereto, with the intent to illegally and fraud-
ulently acquire the possession and title to said lands, made false
and fraudulent applications for the purchase of said lands in

the names of sundry fictitious persons, infants and married wo-men, set out in the petition; that by reason of such false appli-cations the county and district surveyors were induced to re-ceive, record and redeliver to defendants said applications. That by reason of falsely and fraudulently representing to the State Treasurer that they were the agents of and acting for the benefit of the real or pretended persons whose names were used in said applications, and that said persons were legally compe-tent to make valid and binding contracts for the purchase of the land, they induced the Treasurer to receive the first install-ments on their purchases and to issue and deliver to them re-ceipts for the money so paid.

January 26, 1886, application made by plaintiff to have Laura G. Robinson, his wife and administratrix, Gracie Robinson, Belle Robinson and Mary A. Lacy and her husband, B. W. Lacy, his children and heirs, made parties defendants. The defend-ants George Burden, John H. Kline, A. L. Rhomberg, Maria Kounz, and Laura G. Robinson, Gracie Robinson, Belle Robin-son, Mary Lacy and her husband, B. W. Lacy, answering sepa-rately, filed their first amended original answers on November 17, 1886, setting up as defenses :

1. General demurrer.

2. Special exceptions; claiming:

(a) Misjoinder of causes of action.

(b) Nonjoinder of proper parties as defendants.

(c) Failure of plaintiff to make tender of the money and notes received in payment for the land.

(d) Unconstitutionality of the act of April 14, 1883.

3. General denial.

4. Special answers; embracing:

(a) Good faith in the purchase of the lands from the original applicants.

(b) Unconstitutionality of the act of April 14, 1883, author-izing the creation of a land board to investigate alleged land frauds, and to annul purchases illegally and improperly made under the acts of the Legislature providing for the sale of alter-nate sections of school lands, etc.

The defendants Laura G. Robinson, Gracie Robinson, Mary A. Lacy, B. W. Lacy, and Bell Robinson, disclaimed as to all but fifty sections of the land sued for.

The defendant Maria Kounz disclaimed as to all but twelve sections of the land sued for.

The defendant A. L. Rhomberg disclaimed as to all but twenty-one sections of the land sued for.

The defendant John H. Kline disclaimed as to all but sixteen sections of the land sued for.

The defendant George Burden disclaimed as to all but twelve sections of the land sued for.

The defendants J. A. Rhomberg, H. W. Day, A. Cragin and F. A. Rumpf disclaimed as to all the lands sued for by the State.

November 18, 1886, plaintiff filed its first application for continuance, which, being overruled by the court, it excepted.

The character of the application is apparent from the opinion. Judgment for the defendants for the lands severally claimed by them, from which the State appealed.

*James S. Hogg,* Attorney General, and *James H. Robertson,* District Attorney, for the State, that the continuance of the cause should have been granted, cited : Article 1277, Revised Statutes; 65 Texas, 402, Cleveland v. Cole; 54 Texas, 213, Texas Transportation Company v. Hyatt; 27 Texas, 612, Jordan v. Robson; 13 Texas, 430, Payne v. Cox; 3 Texas, 18, Hipp v. Bissell; 2 Willson Con. Reports, section 831, Jordan v. Jordan; 29 Texas, 275, Chilson v. Reeves; 30 Texas, 278, Brooks et al. v. Howard et al.; 59 Texas, 133, Grimes v. Watkins; 25 Texas, 96, Byne v. Jackson; 29 Texas, 276, Chilson v. Reeves.

*Robertson & Williams,* for appellees: That the application for continuance does not show the degree of diligence required by the statute to secure a first continuance, cited McMahan v. Busby, 29 Texas, 195; Railroad Company v. Hardin, 62 Texas, 369; Hensley v. Lyttle, 5 Texas, 499; Allyn v. Willis, 65 Texas, 70.

That the motion for continuance not showing the diligence required by the statute, and showing no reasonable excuse for the want of such diligence, there was no abuse of discretion by the court in overruling the motion, they cited McMahan v. Busby, 29 Texas, 195; Trammell v. Pilgrim, 20 Texas, 160; McMichael v. Truehart, 48 Texas, 219; Railroad Company v. Gage, 63 Texas, 574; Hensley v. Lyttle, 5 Texas, 499; Railroad Company v. Hardin, 62 Texas, 369.

That the judgment, as rendered by the court in favor of appellees, is sustained by the evidence and the findings of fact by the court, and no other judgment could have been rendered, be-

cause appellant had wholly failed to prove the grounds of action alleged in the petition, they cited Mathias v. Oberthier, 50 Texas, 329; Jordan v. Brophy, 41 Texas, 284; McFarland v. Hall, 17 Texas, 690; Briscoe v. Bronough, 1 Texas, 340; Howard Oil Company v. Farmer, 56 Texas, 307; Baily v. White, 13 Texas, 118; Gillard v. Chessney, 13 Texas, 337; Flanagan v. Oberthier, 50 Texas, 380.

That the board appointed under the act of April 14, 1883, did not advise and direct the Attorney General to bring suit against the defendants, John H. Kline, Maria Kounz and F. A. Rumpf, and the suit as againt them was not authorized by law, they cited report of said board; State v. Thompson, 64 Texas, 692.

That the court erred in overruling defendants' second and third special exceptions to the petition, because the original purchasers were necessary parties to the suit, they cited Codding-ton v. Wells, 59 Texas, 49; Tom v. Wolhoeffer, 61 Texas, 281; Thomas v. Beaton, 25 Texas Sup., 321; Hunt v. Turner, 9 Texas, 385; Harris v. Catlin, 37 Texas, 582; Case v. Terrill, 11 Wallace, 201; United States v. Bostwick, 94 United States, 66; Neblitt v. McFarland, 92 United States, 103; United States v. Beebe, 17 Federal Reporter, 41; Brown v. Wither, 10 Ohio, 144; Byard v. Holmes, 33 New Jersey Law, 127; People v. Stephens, 71 New York, 553; Sanborn v. Bachelor, 51 New Hampshire, 426; 1 Pomeroy's Equity, 385, 388.

That the act of April 14, 1883, impairs the obligation of the State's contracts of sale made long before its enactment; that it is void under subdivision 1, section 10, article 1, of the Constitution of the United States; that it is violative of the fourteenth amend-to the Constitution, because to cancel the sales in accordance with its provisions, and deprive defendants of their rights of property acquired by legal contract, without making compen-sation, would be to deprive them of their property without due process of law; they cited Fletcher v. Peck, 6 Cranch, 87; Green v. Biddle, 8 Wheat., 1; New Jersey v. Wilson, 7 Cranch, 164; Bronson v. Kinzie, 1 Howard, 319; Olcott v. Supervisors, 16 Wallace, 690; Walker v. Whitehead, 16 Wallace, 317; Wolf v. New Orleans, 103 United States, 366; Memphis v. United States, 97 United States, 294; Bartemeyer v. Iowa, 18 Wallace, 129; Planters Bank v. Sharp, 6 Howard, 301; Van Hoffman v. City of Quincy, 4 Wallace, 549; Cooly on Constitutional Limi-tation, 331, et seq.

GAINES, ASSOCIATE JUSTICE. The State, who was plaintiff in the court below, having failed to obtain a judgment, appeals to this court. The defendants have filed cross-assignments of error, to be considered only in the court, that plaintiff's assignments are found to be well taken.

We think there was error in overruling the State's application for a continuance. It was sought for want of the testimony of J. A. Rhomberg, one of the defendants; and was sworn to and accompanied by supporting affidavits. Opposing affidavits were filed also by defendants. The witness was sued as a resident of Travis county, but it appeared from the counter affidavits that he was a citizen of Iowa, though he had temporarily resided in Austin from 1881 to about October 15, 1885. Two subpœnas were issued and served upon him in the spring of the latter year, a term of the court intervening between the two. It appears that up to the time that the witness left the State he had never disobeyed the subpœas. His deposition was also taken on behalf of the State, but had been lost. Soon after service of the last subpœna, John D. Templeton, then Attorney General, delivered to the attorneys for defendants interrogatories to retake his deposition, and they promised to file cross interrogatories. Repeated applications were made to them for the interrogatories while the witness was still at Austin, but they were not returned until a short time after he had left the State. On one occasion, when the Attorney General applied for them, he was told by one of the counsel for the defendants that the witness would be present at the trial. When the commission was issued the State's counsel was informed that the witness was at Hot Springs, Arkansas, and was then very dangerously ill. It was not sent there on account of his condition. Upon his recovery he went to Europe, and only returned to this country some ten days before the trial. Upon his return he went directly to his home in the State of Iowa, and had there remained. The counsel for the State did not ascertain the locality of the witness during the time immediately before the trial, until the case was called. This does not show the utmost diligence; by strictly pursuing the method laid down in the statute the deposition might have been taken in Austin before the departure of Rhomberg in 1885. But we think it sufficient, under the circumstances. Rhomberg was not only a witness, but a party defendant. All the defendants were represented by the same counsel, and they appear to have made common cause in the defense. By promising to "cross" and return

the interrogatories, and by informing the Attorney General that the witness would attend the trial, they contributed to the delay, which resulted in the failure to get the deposition. A little diligence in carrying out the promise on their part would have secured the testimony. It would be unjust to counsel to impute to them intentional delay for the purpose of thwarting the State's efforts to get the deposition; but their indifference tends to show that the defendant's resistance to the application for continuance may have been prompted more by a desire for a hearing without the testimony of J. A. Rhomberg than for a speedy trial upon the true merits of the case. Being a first application, and the continuance being sought for the evidence of one of the defendants, we think the showing of diligence ought to have been held good.

It is objected, however, that the application does not show the materiality of the testimony. The district attorney who represented the State on the trial, on his application under oath, deposes that he believes the testimony of the witness to be material, and refers to the supporting affidavit of the former Attorney General, Templeton, upon that point. The latter deposed, that the testimony was material "during the time he had charge of the cause." If material then it is reasonable to conclude that it was material on the trial actually had, because the record shows that the State's pleadings were not amended after he went out of office. The amended petition upon which the State was forced to trial was signed by him in his official capacity. We think this sufficient upon a first application.

The other assignments of error by appellant are to the findings of the court upon the facts and do not call for consideration. For the error pointed out the judgment must be reversed; and this makes it necessary for us to decide the questions raised by the cross assignments of appellees in so far as they are presented in their brief. Appellees' third assignment is: That the court erred in overrulling defendants' first special exception to the petition, because there is a misjoinder of actions in the petition, there being a separate and distinct cause of action set up against each defendant. We do not think that the special exception should have been sustained on the ground of multifariousness.

It is too clear for argument, that the State can not join in the same action with several parties charged with having fraudulently made several purchses from the State without alleging

such a connection between the transactions as would render them jointly liable to the suit. But we think that the averment clearly appears in the petition in this case, after alleging that defendants made the purchases or procured them to be made in the ficticious names and in the names of third persons, and their fraudulent representations to the officers of the State, the petition also avers, that all of the "acts and representations so made by defendants were made for the purpose and with the intention on the part of defendants to secure for their own joint use and benefit more sections of land than they were by law entitled to purchase—that all of said applications to purchase—all of said purchases—all of said payments were made, and all of said certificates were obtained for the use and benefit of defendants, and not for the use and benefit of the persons whose names are set out in said applications, and set out in said exhibit, that defendants are now claiming to be the beneficiaries and joint owners of all the rights, titles and interests acquired by said pretended purchases and sales." It is also averred "that all of said false and fraudulent acts and representations alleged against defendants were made by them or their agents or representatives with full knowledge and consent of defendants and each of them, and were so made in furtherance of a common design and conspiracy to defraud plaintiff, and for the purpose of securing said lands for the joint benefit of defendants." If these allegations be true, as the demurrer admits, then it is equally clear, that a joinder of all the defendants and all the purchases in the same cause of action was proper, if not necessary.

By their fourth assignment appellees complain "That the court erred in overruling defendants' second and third special exceptions to the petition, because the original purchasers were necessary parties to this suit." This presents a question of some difficulty. The statute authorizes "suit in the name of the State against all persons who have made such illegal or fraudulent purchases and their vendees or vendees who have bought with notice," etc. (Laws 18 Leg., 107.) It may be argued that, according to the allegations of the petition, the defendants are the real purchasers, although the names of others were used as purchasers in effecting the transaction; and that it is such purchasers who are meant by the statute, and not those who have merely consented to the use of their names for the benefit of others. The language quoted may admit of this con-

struction, and the argument is plausible. But it is intimated in the Snyder case that all persons in whose names the purchases have been made are necessary parties (66 Texas, 703); and we think this the better doctrine. A judgment rendered in this petition in favor of the State would be conclusive only against the defendants. It would be nugatory as to the other persons who appear on the records to be purchasers of the lands. It was not within the scope of the law-making power to authorize a suit, to which they were not parties, that would conclude their rights ; and hence it is not to be presumed that the Legislature so intended.

Nor do we think it was intended to authorize an action that after judgment would leave the rights of the parties holding the apparent title, as shown by the records of the land office wholly undetermined. We are of opinion, therefore, that all real persons, whose names were used in making the purchases, were necessary parties to the action, and that the court below erred in not so holding.

Appellees insist, under their fifth and sixth assignments, that the petition was insufficient by reason of a failure to tender to the defendants the purchase money paid by them for the land. They contended that this is substantially a suit in equity, and is therefore distinguishable from the case of The State v. Snyder (66 Texas, 687), in which it was held that no such tender was necessary. Waiving the question whether the cases differ materially from each other, we think it sufficient to say, the ruling in the Snyder case is placed upon the broad ground that a tender can not be required of the State as it can be of individuals, and that, therefore, the equitable rule does not apply. For the reasons stated in the opinion in that case, we concur in that doctrine.

Appellees' other assignments call in question the constitutionality of the act of April 14, 1883; and the propositions in support of the assignments seem to be based upon the assumption that the right of action alleged in the petition is claimed under that act. But this we take to be a mistake. The authority to bring the suit is conferred by the act upon the Attorney General, provided it is recommended by three members of the board created by it; and we apprehend there can be no objection to this upon constitutional grounds. The venue of the suits to be instituted is also provided for, and this it was competent for the Legislature to do. An investigation is directed preliminary to bring-

ing the suit, and of this defendants can not complain. The second section may be taken as a legislative construction that the purchase of more land than was permitted by the previous laws, by one person, although the names of other persons may be used in effecting the transaction, is a fraud upon the law and subjected the purchases so made to forfeiture at the suit of the State. It is not to be construed as making that a ground of forfeiture, which did not before exist, but merely as providing for an investigation and a consequent suit, provided it was found that the school lands had been purchased in violation of the previous laws. This suit was brought to set aside certain purchases because made in contravention of the acts of 1879 and of 1881; and was instituted under the authority conferred by the act of 1883. The State v. Snyder is authority for the proposition that the acts complained of in the petition are in violation of the provisions of the former laws and under the purchases subject to be set aside at the suit of the State. The right of action is based upon the acts of 1879 and of 1881; the authority for bringing the action only is derived from the act of 1883. So far as the last act is necessary to the maintenance of this suit, it is clearly constitutional and valid. There was no error in rendering judgment for the State against the defendants for the fifty sections of land to which they entered a disclaimer. When a defendant disclaims he is entitled to his costs, but the plaintiff is entitled to judgment for the land.

For the error of the court below in refusing the application for a continuance the judgment will be reversed and the cause remanded, with instructions to proceed in accordance with this opinion.

*Reversed and remanded.*

**Opinion delivered** November 22, 1887.