## THE STATE OF TEXAS v. WICHITA LAND AND CATTLE COMPANY.

### No. 6105.

1. **Venue—Suit for Land.**—The District Courts have jurisdiction over suits for the recovery of land situate within the respective counties of such courts. This is not taken away by the Land Fraud Act giving jurisdiction in certain cases to the District Court of Travis County regardless of the locality of the land. 66 Texas, 363.

2. **Limitation—Fraud.**—The limitation of one year prescribed for the institution of suits to cancel fraudulent land sales, does not begin to run until the discovery of the fraud.

3. **Pleading—Fraud.**—It was alleged in the petition that Jones, in whose name

the lands were bought, was the hireling and tool of the defendant company; that he made the purchase at its instance and for its benefit, and that he had transferred all his interest in the land to the defendant corporation. *Held,* that these allegations were sufficiently definite to charge the fraud relied upon.

4.   Parties.—Where it is charged that the original grantee had parted with his title he is not a proper party to a suit to recover the land from a purchaser participating in the fraud in obtaining the title.


ERROR from Archer.   Tried below before Hon. B. F. Williams.
The opinion states the case.


*F. E. Dycus,* for plaintiff in error.—1.   The District Court of Archer County has jurisdiction to entertain suits for the trial of title to land situated in said county, and the court erred in holding otherwise.   Const., art. 5, sec. 8; Rev. Stats., art. 1198, sec. 13; Acts 18th Leg., sec. 6, p. 87.

2.   The defendant, although a corporation, was not entitled to be sued upon said cause of action in Travis County, Texas.   State v. Stone Cattle and Pasture Co., 66 Texas, 363; Rev. Stats., art. 1198, sec. 13.

3.   In cases of fraud and where the cause of action is fraudulently concealed the statutes of limitation do not commence to run until the cause of action is discovered or by the use of reasonable diligence might have been discovered.   Hollowell v. Munson, 26 Texas, 475; Andrews v. Smithwick, 34 Texas, 544.

4.   The provision of limitation as to suits brought by the State under the provisions of the Act of 1883 (Acts 18th Leg., ch. 88, sec. 6) is construed to mean that the suit must be commenced within twelve months after the cause of action has accrued, and if through fraud the State be prevented from discovering the cause of action, then limitation does not commence to run until the fraud is discovered or by the use of reasonable diligence might have been discovered.   State v. Stone Cattle and Pasture Co., 66 Texas, 363; Bailey v. Glover, 21 Wall., 342.


*S. B. McBride,* for defendant in error. — 1.   Plaintiff in error is not relieved from the bar of the statute by the allegations in the petition. Bremond v. McLean, 45 Texas, 10–20, particularly page 19, and authorities cited on page 13 of same case; State v. Purcell, 16 Texas, 305; The Governor v. Allbright, 21 Texas, 754.

2.   Section 6, chapter 88, of the Acts of 1883 fixed the time within which such suits as this could be brought and for such purpose controls all other statutes of limitation.   Brown v. Chancellor, 61 Texas, 441.

3.   Plaintiff in error should have alleged the facts constituting the fraud complained of.   The State v. Galveston City Co., 38 Texas, 12–36.


GAINES, ASSOCIATE JUSTICE.—This suit was brought by the State to·

set aside the sale of four sections of school lands lying in Archer County made by the State Land Board by virtue of the authority conferred by the Act of April 12, 1883. It is alleged that the defendant is a corporation, and that the lands in controversy were bid off and purchased by one S. T. Jones, ostensibly for his own benefit, but that in fact in making said purchase he acted solely for the defendant and for the purpose of enabling the latter to acquire title to the lands in fraud of the provisions of the statute before mentioned. It is also alleged that since the purchase Jones had transferred all his interest in the lands to the defendant corporation; and that at the time of the sale the fraud was unknown to the plaintiff and was not discovered until about the 14th day of February, 1885. The petition was filed October 10, 1885. The petition was excepted to upon the grounds among others, (1) that the District Court of Archer County did not have jurisdiction of the cause; and (2) that it appeared upon the face of the petition that the cause of action was barred by the limitation of one year prescribed in the statute which authorized the institution of the suit. These exceptions were sustained and the suit was dismissed.

There is error in the judgment of the court. In the case of The State v. The Stone Cattle and Pasture Company, 66 Texas, 363, it was held that the venue of suits for the recovery of lands by the State growing out of the Act of April 12, 1883, was regulated by the general laws and not by the special provisions of the subsequent Act of April 14th of the same year. The land in controversy lies in Archer County, and the District Court of that county had jurisdiction of the suit. Rev. Stats., art. 1198, sec. 13. It was also held in the case cited that the limitation of one year for the institution of the suit did not begin to run until the discovery of the fraud. This suit was brought within less than twelve months from the time of the discovery of the fraud as alleged in the petition.

But it is insisted by counsel for appellee that the allegation " that the plaintiff did not learn and could not have learned by the use of due diligence of the fraudulent purchase by said defendant, but that the fraud was first learned and discovered about the 14th day of February, A. D. 1885," is too general, and we are cited to the case of Bremond v. McLean, 45 Texas, 10, in support of the proposition. In that case a similar allegation was held bad upon general demurrer. But that was a very different case. The ground of the action was that a certain note which had been received by plaintiff for work done by him upon the Houston & Texas Central Railroad was fraudulently represented to plaintiff by defendant at the time it was received as being convertible into the stock of the railroad company. The suit was not brought until ten years had nearly elapsed from time the note matured. The opinion holds in effect that upon the failure to pay the note at maturity diligence required that the plaintiff should have presented the note to the company and demanded the stock,

and that if he had done this the fraud would have been discovered. In the face of the facts so alleged in the petition it was very properly held that a mere allegation that the plaintiff could not have discovered the fraud by the use of diligence, did not relieve him from the bar of the statute. The special exception of limitation interposed in this case does not set up that the allegation in question is too general, and under the existing rules we must indulge every reasonable presumption in favor of the sufficiency of the pleading. The fraud in this case is alleged to have been perpetrated by procuring a third party to make the purchase in his own name and apparently for his own benefit, and there is nothing upon the face of the transaction so far as the petition discloses which should have put the officers or agents of the State upon inquiry as to the alleged wrong. We do not see what more could have been alleged in this particular under the circumstances of the case, and are of opinion that an exception to the allegation on account of its generality, if one had been interposed, should not have been sustained.

But it is also urged that if the court erred in sustaining the exceptions setting up the want of jurisdiction and the bar of limitation, the judgment is nevertheless correct because the exception that the fraud was not specifically alleged should have been sustained. But in this proposition we do not concur. The petition avers that Jones was "the hireling and tool" of the defendant company; that he made the purchase at its instance and for its benefit, and that he had transferred all his interests in the lands to the defendant corporation. Under the act a corporation could purchase but one section in any one county. Laws 18th Leg., ch. 88, sec. 6, p. 87.

The allegations show clearly the device that was adopted in order to evade the law, and they make the fraud apparent.

It is also claimed that the exception should have been sustained for want of proper parties. It was held in the case of The State v. Rhomberg, 69 Texas, 212, that in suits of this character by the State the persons in whose names the purchases were made should be made parties. That ruling is undoubtedly correct as applied to a case where the title remains in the name of the original purchaser. But it having been alleged in the petition in this case that Jones had transferred the lands to the defendant, he had no interest to be affected by the result of the suit and was not a necessary party to it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 9, 1889.