## The Wichita Land and Cattle Company v. The State of Texas.

### No. 7243.

1. **Charge on Burden of Proof.**—The trial judge properly charged the jury that "the burden is upon the plaintiff to prove by a preponderance of evidence every material allegation in the petition and its right to recover." The court had already informed the jury what facts were necessary for the State's recovery, and no request was made for more specific instructions.

2. **Charge Upon an Isolated Fact.** — The court refused a charge asked by defendant that "it is wholly immaterial as to who paid or advanced the purchase money for the lands in question, provided the applications to buy were made with the intent on the part of the applicant at the time when made to acquire the lands for himself and not for another." *Held*, the proposition is correct in the abstract, but there being nothing in the pleadings or evidence nor by bill of exceptions showing that in the argument such effect was so claimed, the instruction was properly refused as unnecessary. Besides, it would have been misleading to have given it without explanation, as the probable effect would have been to withdraw from the jury the fact as a circumstance tending to the alleged fraud as made in the plaintiff's case.

3. **Fraud.** — Fraud may be proved by circumstantial evidence conflicting with direct evidence. See facts held to support a verdict avoiding a purchase of land from the State on account of fraud.

4. **Limitation—Fraud.**—The general rule that in cases of fraud limitation does not run until the fraud is discovered or might have been known applies to the limitation of one year within which the State could institute proceedings to avoid purchase of land made under Act of December 23, 1883, sec. 6. See facts excusing suit within one year from sale.

Appeal from Archer. Tried below before Hon. P. M. Stine.

The charge given by the trial judge is here given:

"In this cause the plaintiff sues the defendant to set aside a sale of certain State school lands described in the petition, alleging that the sale was made to S. T. Jones, S. J. Moore, and F. Lewis upon their application to purchase the lands in controversy, and that said lands were fraudulently purchased by defendant through said Jones, Moore,

and Lewis, and the defendant was at the date of such purchase a corporation; and the court instructs you as follows:

"1.   The law of 1883 forbids the purchase from the State by any corporation of more than one section of school land situated in any one county, and the purchase from the State by any corporation of more than one section of State school land situated in one county would be void as to the excess over one section.

"2.   If you find from the evidence that F. Lewis, S. J. Moore, and S. T. Jones purchased from the State the lands described in plaintiff's petition, and if such purchases were not made for themselves, but if they or either of them intended to acquire the lands for defendant, then the purchase so made for defendant would be void except as to the first section so purchased by defendant company, and if it had purchased from the State one section of State school lands situated in Archer County before such purchase for it by said parties, then all the purchases made for it by said parties would be void; and if you so find you will find for plaintiff as to all lands so purchased by said parties or either of them for defendant company after it had purchased one section of State school land situated in Archer County, unless you find for defendants under the fourth paragraph of this charge.

"3.   If said sections of school land, or any of them, were purchased by the applicant therefor for himself and not for defendant, then defendant is entitled to a verdict as to the lands so purchased from the applicants.

"4.   If you find that this suit was not brought within one year after the plaintiff discovered, or could by the use of reasonable diligence have discovered, the alleged fraud, then this suit is barred, and if you so find you will find for defendant.

"5.   The burden is upon the plaintiff to prove by a preponderance every material allegation in the petition and its right to recover.

"6.   You are the exclusive judges of the facts proved, the weight to be given to the testimony, and of the credibility of the witnesses."

*    *    *    *    *    *    *    *    *    *    *    *    *

At request of defendant the court gave the following:

"You are further instructed that the questions in regard to the fraud alleged are: 'Who was in fact and in law the purchaser? Were the transactions real ones or simulated, and made for the purpose of buying said lands for some other party than themselves?' Therefore it makes no difference whether or not said applicants made a sale thereof afterward. And if you believe from the evidence that S. J. Moore, S. T. Jones, and F. Lewis, or either of them, did purchase respectively the lands alleged by plaintiff for themselves and for no one else, then you will return a verdict for the defendant in each case that the land was so bought."

. Verdict and judgment were for the State.    The defendant appealed. Other necessary facts are in the opinion.

*S. B. McBride* and *W. P. McCrory*, for appellant.—1. When a charge, though correct by reason of its general terms, is given, it may nevertheless be defective in not embracing a full presentation of the law applicable to the cause and thereby mislead the jury.    Rev. Stats., art. 1317; Willis & Bro. v. McNeill, 57 Texas, 477; Weaver v. Ashcraft, 50 Texas, 427; Bryant v. Kelton, 1 Texas, 415; Earle v. Thomas, 14 Texas, '583; Flack v. Neill, 22 Texas, 253; Davis v. Roosevelt, 49 Texas, 463.

2.    It is the duty of the court to cover in his charge every phase of the case, and when he omits to do so and his attention is called to such omission by special charge asked, it is error for him to refuse such special charge.    The State v. Snyder, 66 Texas, 702; Powell v. Haley, 28 Texas, 55; Fowler v. Walker, 25 Texas, 701; Armstrong v. Toler, 11 Wheat., 276.

3.    The question at issue was wholly one of fraud.  · Turner v. Lamberth, 2 Texas, 369; Tompkins & Co. v. Bennett, 3 Texas, 36; Geddings v. Steel, 28 Texas, 732; Haine v. Weigley, 22 Pa. St., 179; Bowden v. Bowden, 75 Ill., 143; Devoe v. Brandt, 53 N. Y., 462; Watkins v. Wallace, 19 Mich., 57; Daniel v. Baca, 2 Cal., 326; Schroeder v. Walsh, 120 Ill., 410; Armstrong v. Toler, 11 Wheat., 276.

4.    Every attempt to evade the limitations of chapter 88, General Laws of Texas, 1883, as to the amount or class of land one may purchase, by any device whatever, shall be deemed fraudulent, and the fraud may be shown and the purchase canceled by the State within one year from the date of sale.    Gen. Laws 18th Leg., sec. 6, chap. 88; Smith v. Fly, 24 Texas, 345; Kuhlman v. Baker, 50 Texas, 630; Alston v. Richardson, 51 Texas, 1; Bremond v. McLean, 45 Texas, 11; · Andrews v. Smithwick, 34 Texas, 544; Hudson v. Wheeler, 34 Texas, 356; Richards v. Smith, 67 Texas, 610.

*F. E. Dycus*, for appellee.—1. If the charge of the court taken altogether would not mislead the jury·though a paragraph thereof be subject to criticism, it will be no ground for reversal.    Vaughan v. The State, 21 Texas, 752; Boone v. Miller, 73 Texas, 557.

2.    Where an instruction requested does not contain a true exposition of the law, or where it had been embodied in a general charge given by the court, the failure to give it is no cause for a reversal of the judgment.    Gray v. · Burk, 19 Texas, 228; Floyd v. Rice, 28· Texas, 341.

3.    The court will not disturb the verdict of a jury finding fraud in a transaction where there is sufficient evidence to support the verdict,. even if there was conflicting testimony showing that there was no fraud.

Schmick v. Noel, 72 Texas, 1; Miller v. Jennet, 63 Texas, 86; Abbey v. Dewey, 25 Pa. St., 413; Bige. on Fraud, pp. 143–147.

4.   When the fraud which constitutes the cause of action has been fraudulently concealed by defendant during the period prescribed by law for the institution of the suit, the plaintiff will not be defeated either because of means of knowledge generally or of knowledge of facts that would lead a diligent man to inquire.   The State v. Cattle Co., 66 Texas, 363; Bige. on Fraud, p. 31, last ed.

GAINES, ASSOCIATE JUSTICE.—The State brought three suits against the appellant to set aside sales of certain sections of school land upon the ground that they were purchased by the company, a private corporation, in violation of that provision of the Act of April 12, 1883, which prohibits the acquisition of more than one section by a corporation in any one county.   Laws of 1883, p. 87.   It was alleged that when the sales were made the appellant had already acquired one section under the act, and that although the lands were bought in the name of a third person they were in fact purchased for the company.   The nominal purchaser in each case was made a party defendant.   Subsequently the suits were consolidated and the State dismissed as to the purchasers. There was a trial by jury, which resulted in a verdict for the State as to all the lands sought to be recovered in the three petitions.

F. Lewis, S. T. Jones, and S. J. Moore were the ostensible purchasers. The bids were received on December 23, 1883, and on January 29, 1884, Moore conveyed the lands bid off by him to appellant.   On the 30th of the same month Jones also conveyed to appellants the lands claimed through him.   Lewis made a like conveyance May 10 in the same year. There was testimony tending strongly to prove (as we shall hereinafter show) that each of the alleged purchasers from the State in bidding for the lands acted under a preconcerted arrangement with the appellant to purchase them in his own name and to convey them to the company. On the other hand there was testimony tending to show that these persons purchased the lands solely on their own behalf.   Upon the issue so presented the court gave a charge not only clear and satisfactory but commendable for its brevity.   The jury were told what facts should be established by the evidence in order to justify a finding for the State. The defendant's phase of the case was also distinctly presented.   But upon the burden of proof the court gave the following instruction: "The burden is upon the plaintiff to prove by a preponderance of evidence every material allegation in the petition and its right to recover;" and it is claimed that this was error.   It is insisted that the court should have specified what were the material allegations in the petition, and should not have left it to the jury to decide for themselves what averments were necessary to be proved and what were not.   But this instruction was clearly correct as a proposition of law, and if either party

conceived that the jury were likely to be misled by the generality of the. charge they should have asked a more specific one. It is not error to omit to charge upon a point when a proper charge has not been requested. Besides the jury had already been told in effect what facts were necessary for the State to prove in order to entitle it to a verdict, and we fail to see how any possible injury could have resulted to the defendant from the instruction assigned as error.

It is also complained that the court erred in refusing the following special charge requested by the defendant: "You are instructed that it is wholly immaterial as to who paid or advanced the purchase money for the lands in question, provided the applications were made with the intent on the part of the applicant at the time when they were made to acquire the lands for himself and not for another."

The proposition contained in the instruction is undoubtedly correct, but the record does not show any necessity for giving it. There is nothing either in the pleadings or in the proof to indicate that it was claimed in behalf of the State that the fact that the purchasers did not themselves pay the purchase money would alone defeat the defendant's title. If such a proposition had been urged in argument a charge upon the point would have been appropriate. But we have no bill of exceptions showing that there was such a contention in the argument in behalf of the State as rendered the instruction necessary. It is to be presumed that the court would have given a charge upon the point if the line of argument had made it proper. So far as this record discloses the instruction requested was calculated to mislead rather than enlighten the jury. The fact that defendant or its agent supplied the money which paid for the land was a circumstance tending to show that it was the real purchaser at the sale, and the charge requested may have induced the jury to conclude that the fact was not to be considered for any purpose. In no event should it have been given without a qualification to the effect that the jury were at liberty to look to the fact as a circumstance bearing upon the question whether the defendant was the real purchaser of the lands or not.

It is also insisted that the court erred in refusing to grant a new trial, because the evidence showed that Moore, Jones, and Lewis purchased the lands for themselves. The evidence was conflicting, but we are of the opinion that it was sufficient to support the verdict. The lands in controversy were within the defendant's pasture. Moore and Jones were "cowboys" in its employment. They were without property or money. Each of them on the 23d of December, 1883, bid for seven sections of land at $5 per acre. In the latter part of the next month they conveyed the land to the defendant corporation—one for the recited consideration of $30, the other for $40. Lewis was also a poor man, but not in the employment of the defendant corporation. He was a blacksmith. He was the highest bidder for seven sections, also at $5.

per acre.   He also conveyed the lands awarded to him by the land
board to the defendant corporation, but not until the month of May fol-
lowing.   The consideration recited in the conveyance was $50.   The
defendant withheld the deeds from record until February, 1885.   Why
this was done it failed to explain.   But it is to be noted that according
to the literal terms of the statute an action· by the State to set aside a
sale because made on the ground that more land had been purchased
than the law permitted, would then have been barred by the limitation
of one year.   Sec. 6, Act of 1883, *supra.*   Moore and Jones, who were
employes of the defendant, conveyed about the same time and at the
same price per section.   Lewis it appears received more for his bargain
or his services, as the case may be.   Besides, while it appears that the·
land was bid off at $5 per acre, the sales were accepted by the board at
$3.50.   It is incredible that this would have been done if the bids had
been returned as they were made.   Neither of the bidders could ex-
plain the discrepancy.   Each of them testified that he bought for him-
self and denied that they bought for the defendant.   They swore that
they sold to one L. W. Hart, but it is notable that each conveyed di-
rectly to the defendant.   Either defendant or Hart furnished the money
to make the first payment, and there were circumstances tending to
show that Hart was acting for the company.   The obligations were very
large for men without means to assume.   Moore was heard to·declare
that it was nobody's business if he could make $50 in one day.   Lewis
having denied on the stand that he had said in the presence of one
Ground that he "had bought the land for the Wichita Land and Cattle
Company, and that he made $50 by buying it," Ground testified that
he heard him make the declaration.   Stevens, who was manager for
the defendant company at the time the bids were made, was not called
to testify as to his knowledge of the transaction, nor was it shown that
his testimony could not be had.   Under these circumstances the verdict
can not be disturbed.   If the testimony of witnesses who are parties to
a transaction of this character is not to be shown to be untrue by cir-
cumstances, it would be futile in most cases to attempt to establish a
fraud.

It is also insisted that a new trial should have been granted because
the evidence showed that the action was barred by limitation.   The act
which provides for the sale of the school land and for a suit by the State
to set aside a sale of a greater number of sections to one person or to
one corporation than is allowed by its provisions also provides that the
suit must be brought within one year from the sale.   Gen. Laws 1883,
sec. 6, p. 86.   The first petition was filed in October, 1885, and the
others in December of the same year.   This was more than one year
from the time of the sales.   But it is settled that the general rule ap-
plies to the limitation prescribed in the act, and that the State has one
year to bring the suits provided for from the time the fraud is discov-

ered or may be discovered by the use of reasonable diligence. The State v. Wichita Land and Cattle Co., 73 Texas, 450; The State v. Stone Cattle and Past. Co., 66 Texas, 363. The defendant did not put its deed upon record until February, 1885. This was the first circumstance that was reasonably calculated to excite a well founded suspicion that the law had been violated. The lands being inclosed in the defendant's pasture at the time they were sold, it was not remarkable that it remained in such possession of the land as that inclosure would impart.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered May 5, 1891.