AMES PORTABLE SILO & LUMBER CO.
v. GILL.   (No. 1077.)

(Court of Civil Appeals of Texas.   Amarillo.
Dec. 27, 1916.)

1. SALES ⚖➡446(9) — WARRANTY — TRIAL — INSTRUCTIONS.

In an action for the price of a silo, where defendant alleged fraud and breach of warranty, and claimed rescission or damages in the alternative, and there was evidence tending to defeat the claim for a rescission, it was error to refuse plaintiff's requested instruction that if the silo was guaranteed as alleged by defendant, and the guarantee was broken by plaintiff, and the silo was of any value, the jury should only allow an abatement of a sum equal to the difference between value of the silo delivered and the value of such silo as it was guaranteed to be.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1317; Dec. Dig. ⚖➡446(9).]

2. SALES ⚖➡354(6)—PLEADING—FRAUD.

In an action for the price of a silo, allegations in the answer that defendant was. induced to sign an order for the silo which recited that it contained the entire contract between the parties, by the statement of plaintiff's agent that the order was a mere formal matter necessary to get the proposition before the plaintiff, and that the defendant did not know or read the contents of the order but relied upon the representations of the agent, and that the agreement was that the contract between the parties would be recorded in another and different writing thereafter, and that such representations were untrue, made for the purpose of inducing the defendant to execute the written order, and that the defendant was inexperienced and relied upon such representations to the plaintiff's knowledge, were sufficient to charge fraud.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1015; Dec. Dig. ⚖➡354(6).]

3. SALES ⚖➡364(4), 446(2)—REMEDIES OF BUYER — FRAUD — BREACH OF WARRANTY — INSTRUCTIONS.

In an action for the price of a silo, where defendant alleged fraud entitling him to a rescission, with an alternative plea of damages for breach of warranty if the evidence failed to sustain his allegations of fraud, the charge of the court should have covered both phases of the case.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1068, 1310; Dec. Dig. ⚖➡364(4), 446(2).]

4. EVIDENCE ⚖➡131 — ADMISSIBILITY — SIMILAR FACTS.

In an action for the price of a silo, where it was shown that the silo was erected under the supervision of a person furnished for that purpose by plaintiff, and that it "did not set straight," and that the ensilage in the silo had spoiled, evidence that other silos of the same make, when properly constructed, filled, and taken care of, would make and keep good ensilage, was not admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 399–402; Dec. Dig. ⚖➡131.]

5. SALES ⚖➡358(4)—ACTION FOR PRICE—EVIDENCE—ADMISSIBILITY.

In an action for the price of a silo, where defendant offered evidence tending to show that the silo was of no value, evidence of the cost of putting the silo in repair and correcting all defects was admissible.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1052; Dec. Dig. ⚖➡358(4).]

6. APPEAL AND ERROR ⚖➡959(3)—PLEADING ⚖➡236(3) — AMENDMENT — DISCRETION OF COURT—REVIEW.

Allowance of trial amendments to pleadings is a matter of discretion with the trial judge, and will not be reviewed by the appellate court, unless there has been a clear abuse of this discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3830; Dec. Dig. ⚖➡959(3); Pleading, Cent. Dig. § 601; Dec. Dig. ⚖➡236(3).]

Error from District Court, Carson County; Frank Willis, Judge.

Action by the Ames Portable Silo & Lumber Company against R. E. Gill. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Boyce & Davidson, of Amarillo, for plaintiff in error.   Kimbrough, Underwood & Jackson, of Amarillo, for defendant in error.

HALL, J.   Plaintiff in error sued defendant in error for the purchase price of a silo, alleged to have been sold and delivered upon the written order of defendant in error, dated August 31, 1914, the material provisions of which are as follows:   The entire purchase price is $663, f. o. b. Beaumont, Tex., shipment to be made to defendant in error at Groom, Tex.   It was provided that $200 should be paid 30 days after the arrival of the silo at Groom, the balance to be evidenced by two promissory notes; that the bill of lading should be sent to the First State Bank of Groom, where settlement would be made by execution of the notes provided for and a failure on the part of the purchaser to make such settlement within 10 days to mature the entire purchase price at the option of plaintiff.   The order, among other provisions, contained the following:

"Contract. It is understood that this order contains the entire contract between the undersigned purchaser and the Ames Portable Silo & Lumber Company, and that either party hereto shall not be bound by any agreement not contained herein.

"Guarantee. The Ames Portable Silo & Lumber Company guarantees the Ames portable silo to be well made, of good material, to be shipped knocked down in such parts as to form a complete structure when properly assembled and erected according to plans furnished by the company for same, and agrees that if any piece or part is found defective and unsuitable to enter the structure when received by purchaser, the company will furnish free to purchaser such parts as are necessary to replace the same within a reasonable time after receipt of proper notice in writing from the purchaser, notice to be given within ten days after delivery of the silo."

Plaintiff in error alleges that the silo was shipped to Groom and notes sent as provided by contract, but that defendant, without the knowledge or consent of plaintiff, secured the silo and hauled it away without having executed the notes; the recovery asked being for the amount represented by the notes, and in the alternative, for the purchase price of the silo and interest.

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The answer of the defendant is in substance as follows: That plaintiff's agents, Hooper & Roach, of Groom, offered to sell the silo to him, making certain representations as to the quality and properties of the silo, stating to him that if he would execute the notes for the purchase price plaintiff would make good all representations, that defendant refused to enter into such contract on such representations, but advised the agents that the representations would have to be reduced to writing and that such guaranty must contain the following:

"That such written guaranty should warrant that such silo would be safe and durable for at least five years; that it would not fall down, buckle in, warp, or lean; that it would be air tight, and that it would keep, save, and preserve ensilage properly and in good condition so as to conserve and develop the greatest feed value out of such ensilage placed into the same; and that in case said silo for any reason should fail to meet the terms of such guaranty, then that said trade should be rescinded and defendant's notes returned to him, together with any moneys paid thereon."

Defendant further alleged that plaintiff agreed to furnish such writing before defendant would be required to execute any notes or pay any money and before any contract would be binding on the parties; that such agents represented that the order was a mere formal matter necessary to get the proposition before plaintiff; that the train upon which the agent wanted to send the order to plaintiff, was about due and that such agent said that he wanted to get off on said train; that defendant did not read or know the contents of the order, but relied upon the representations of the agent; and the agreement that said contract between the parties would be embodied in another and different writing thereafter to be executed by plaintiff, and if sufficient accepted by defendant. Then follow allegations that said representations were untrue, and were made for the purpose of inducing this defendant to execute said written order for the purchase of said silo; that defendant was inexperienced and wholly uninformed as to the sufficiency, character, workmanship, construction, or material in said silo, or what was required in a silo of proper construction, and plaintiff well knew that defendant relied upon such representations of plaintiff, and its assurance that the matter of signing the printed order was merely a matter of form and of plaintiff's agreement later to deliver him a contract covering said agreement made between the parties and embodying plaintiff's guaranties and warranties of said silo; and that defendant would not have executed such order blank then executed but for his reliance upon plaintiff's assurance that the same was merely a matter of form, and that the said contract and agreement of the parties would be later embodied in a written contract to be executed and delivered by plaintiff.

Defendant further says: That when the silo reached Groom no warranty accompanied it. That he called upon plaintiff's general manager, Hume, who told him to take the silo out and that the guaranty would be furnished him. That defendant demanded performance of said contract from plaintiff, and that it failed to comply therewith until October 20, 1914, when it delivered to him, through its agent, Mr. Hooper, the following written guaranty:

"We, the Ames Portable Silo & Lumber Company, guarantee one Ames portable silo, sold to R. E. Gill of Groom, Texas, August 31, 1914, for a period of five years from the date of the above-mentioned order, not to fall down, go to stave, or buckle in, and to make and keep good ensilage when the silo is properly filled and taken care of.

"Dated October 20, 1914."

That this writing did not contain all the representations made by plaintiff and was not accepted by defendant as a full compliance with plaintiff's part of the contract. That the silo was filled during the first of October, and that about the 12th of November, plaintiff, on examining it, found that a large portion of the ensilage was spoiled and worthless. That thereupon he notified plaintiff of such fact, advised it that he would not pay any money or execute any notes, tendered it the silo, and demanded rescission of the contract and return to him of his freight money. Then follows a counterclaim against plaintiff for $535.82, alleging that the silo was worthless and praying that the contract be canceled and held for naught.

Plaintiff in error's second assignment of error is that the court erred in refusing the following special charge:

"You are further charged in reference to defendant's defense to plaintiff's action for the purchase price of the silo (not in reference to its cross-action) that if you find that the silo was guaranteed as alleged by defendant, and that said guaranty was breached by plaintiff, and you further find that the silo delivered was of any value, then you will not allow the defendant an abatement of the entire purchase price of the silo, but you will allow him an abatement thereon of such sum as you find is the difference between the value of the silo delivered and the value of such silo as the same was guaranteed to be."

The proposition urged is that if the warranty charged by the court was breached the defendant could not have a verdict against the entire claim of plaintiff for the purchase price of the silo, unless the silo delivered was of no value. After the parties had proceeded with the trial for some time defendant in error filed a trial amendment, in which he set up that if he ever accepted said silo or any contract was entered into with him for the sale of said silo to him then plaintiff has breached its warranty and guaranty to deliver to him the kind of warranty and guaranty that it agreed to deliver to him and has breached the terms and provisions of the contract of warranty and guaranty actually delivered to him in that said silo failed to properly keep and preserve feed after the same was properly filled; that said silo is entirely worthless and of no value,

and had the plaintiff complied with its agreement to deliver to him a silo of the kind and character agreed to be delivered the same would have been worth to defendant the price agreed to be paid for the same; but on account of the kind and character of the silo delivered and on account of the failure of said silo to make and preserve and keep ensilage and plaintiff's breach of the warranty and guaranty it agreed to give defendant, and on account of the breach of the warranty and guaranty actually delivered to defendant, the silo was and is worthless, and that plaintiff has suffered damages in the full amount of the price agreed to be paid, together with the freight money paid by defendant. The prayer is, as in the original answer, and in the alternative, that if any contract for the sale of the silo was ever entered into, and if plaintiff be not entitled to a rescission of the trade, as set forth in the original answer, then that he recover damages representing the difference between the price at which the same was agreed to be sold to defendant and the actual value of the silo delivered to defendant.

[1] There is evidence in the record, which, if true, would tend to defeat defendant in error's claim for a rescission of the sale, and it is probable that this evidence induced defendant in error to file the trial amendment quoted from above and claim damages for breach of the warranty in the alternative. At any rate, the trial amendment and the evidence referred to raised the issue which the special charge properly presented, and we think the court erred in refusing it.

[2, 3] We think defendant's allegations are sufficient to charge fraud. Storer v. Lane, 1 Tex. Civ. App. 250, 20 S. W. 853; Carter v. Carter, 5 Tex. 93; State v. Wichita Land Co., 73 Tex. 450, 11 S. W. 488. If the evidence sustained his allegations he was entitled to a rescission; otherwise he had a right to stand upon his alternative plea of damages for breach of warranty, and the charge of the court should have covered both phases of the case.

[4] By its third assignment of error, plaintiff in error complains of the exclusion of a portion of the testimony of Hume. It appears that Hume was the general manager of the plaintiff in error, and while upon the stand testified that he had been using one of the Ames portable silos and selling them since 1914; that he had been making inquiries as to how they kept ensilage; that the silo in question was properly erected and constructed with the exception of some defects which he said could be remedied by a

few hours' work. Plaintiff in error then offered to further prove by said witness that silos of the make of the one in question, when properly erected and constructed, and properly filled and taken care of, would make and keep good ensilage. Upon objection this testimony was excluded. As a general rule, such testimony is not admissible, but in a great many cases it has been admitted when concurrence of time and similarity of conditions and surroundings are shown to be the same. The undisputed evidence shows that the silo in question was erected under the supervision of a party furnished for that purpose by plaintiff in error. Hume inspected the silo when about half of its contents had been taken out, and stated that in his opinion too much water had been used in filling it, while Ames, another representative of plaintiff in error, stated that in his opinion not enough water had been used. The undisputed testimony shows that the silo "did not set straight," from which we infer that it was not properly constructed. As they must be made practically air tight or the ensilage will spoil next to the walls, and since the uncontroverted testimony shows that the ensilage in this silo had spoiled all the way from 15 to 18 inches, from the walls toward the center of the bulk, evidence of the condition of ensilage in other silos, where it had not spoiled, could be of no probative value in this case. Sou. Gas & Gasoline Engine Co. v. Adams & Peters, 169 S. W. 1143; 1 Elliott on Evidence, § 177.

[5] The fourth assignment is that plaintiff offered to prove by the witness Davenport, who had testified that in the spring of 1915 he repaired the silo in question, that the cost of putting the silo in repair and correcting all defects would have amounted to the sum of $35, and that the court erred in excluding this evidence because defendant in error had offered evidence tending to show that the silo was of no value. We think this testimony was admissible upon that issue.

[6] Plaintiff in error duly excepted to the action of the court in permitting defendant in error to file a trial amendment, setting up breach of warranty. This is usually a matter of discretion with the trial judge and will not be reviewed by the appellate tribunal unless there has been a clear abuse of his discretion. Since it will be necessary to amend the pleadings before another trial, and include the matter set upon in the trial amendment in the amended answer, it is not necessary to discuss this assignment.

For the errors indicated, the judgment is reversed, and the cause remanded.