We have repeatedly decided that where exceptions are filed but not subsequently noticed in. the proceedings below, they will be deemed to have been waived by the party filing them. (Note 12.)
Although it is usual and perhaps necessary, under the English rules of pleading, expressly to charge a fraudulent intent where the fraud is alleged to consist in intention, and the quo animo is the gist of the inquiry, because in that case fraud is a question of fact, yet we are not aware of any rule or principle in our law which requires the fraudulent intent to be expressly averred where it is a conclusion to be drawn from the facts specially alleged in the petition, and where the existence of those facts and not the fraudulent intent is the gist of the inquiry and the foundation of the rights asserted in the action. (Note Hi.)
A deed absolute on its face will be valid and effectual as a mortgage as between the parties,, if it was intended by them to be merely a security for a debt. The character of the con* veyanee will be determined by the clear and certain intention of the parties; and parol evidence is admissible to show what their intention really was. (Note 14.)
If the question of mortgage or not depends upon written instruments, it is for the court to decide; but if upon written and parol evidence, it is withiu the province of the jury.
The province of the jury in the trial of all causes in equity (Const., art. 4, sec. 10,) is the same as in the trial of causes at law; if the evidence be admissible, as conducing in any degree to maintain the issue, whether it shall satisfy the jury of the truth of the fact which it conduces to prove is a question which must of necessity belong to them to determine; and the court, especially an appellate court, will not set aside their verdict merely be- . cause the evidence might not be deemed by a chancellor sufficient proof of the disputed* fact. (Note 15.)
The Supreme Court will not set aside a verdict and grant a new trial merely because they might, upon an examination of the evidence, have arrived at a result different from that attained by the jury; nor merely because it may appear to them to be founded upon slight evidence. (Note 1G.)
The defendant excepted to tlie petition and answered; denying the allegation of an agreement for the redemption of the negroes; averring that there was no other agreement than that evidenced by the bill of sale, which he exhibited as a part of his answer; and further averring that there was no consideration moving from the plaintiff to support a promise to restore the negroes; and concluding with a general denial.
Tt appeared from the statement of facts that at the trial one witness testified *48 that at «about the time of the date of the bill of sale he heard a conversation between the plaintiff and defendant; the former was offering to sell some negroes; the defendant said he would give four hundred dollars for them, which the plaintiff said was not enough ; the defendant said that if they should trade, the plaintiff could have the negroes back at any time by paying the ■purchase-money and interest. The parties then went away together. Another witness heard FT. W. Faison say to the defendant, “I thonglit you were to let him (the plaintiff) redeem those negroes again;” to which the defendant replied that he would let him have them hack if he (tiie plaintiff’) would pay him the purchase-money, but no one else should have them at that price; that the negroes were making him twelve dollars per month, and costing him nothing. FT. W. Faison also testified to the same conversation; and also that the plaintiff' came to him and said that the defendant had told him to bring tiie money in one hour and he should llave the negroes; that he (witness) then loaned the, plaintiff four hundred dollars, and went with him and heard him fender it to tiie defendant and demand the negroes, to which the defendant made no answer.
It was also proved by two witnesses that when the defendant was about to sell the negroes, in an excited conversation with the plaintiff, he said tiie plaintiff might redeem tiie negroes then if he would pay the money in one hour. It was farther in evidence that the plaintiff did tender the four hundred dollars. The negroes were variously estimated by the witnesses at from five to seven hundred dollars. The defendant gave in evidence a bill of sale from the plaintiff for the negroes, and also a bill of sale from the plaintiff to II. S. Carter for one of tiie negroes, which he had procured from the said II. S. Carter upon paying him two hundred of the four hundred dollars which were advanced for the negroes, and proved that the payment was so made to the said R. S. by direction of the plaintiff. It was also proved that possession accompanied the hill of sale. Both hills of sale are absolute in terms. One is expressed to be upon consideration of four hundred, the other of two hundred and seventy-five dollars. The jury returned a verdict for tiie plaintiff for two hundred and sixty dollars. The defendant moved for a new trial, upon the ground that the verdict was against law and evidence; which being refused, 'he prosecuted this writ of error.
I. The court erred in overruling the demurrer, there being no allegation ■in tiie petition which authorized the introduction of parol testimony to defeat •the hill of sale or change its character. To do this there must have been •charged fraud, mistake, or surprise. (1 Pow. onMortgs., 12C, note p. and authorities cited; Story Eq. PL, o2G; 8 Now Series, 345,"and authorities cited in the conclusion of the opinion.)
II. The court erred in refusing to grant the motion for a new trial. The proper test in determining whether or not an instrument, absolute upon its face, is a mortgage or a conditional sale, is the existence or non-existence of the relation ■of debtor and creditor between the parties. If that relation does not exist, it cannot be a mortgage. (Hard. R., G; Stamper v. Johnson, 3 Tex. II., 1, and authorities cited j 9 Wheat. R., 489.) The party here setting up the mortgage must not only show the relation of debtor and creditor, hut'must show stick a state of facts as would entitle the mortgagee to sue for and recover the money which the alleged mortgage was intended to secure. The principal and interest ■of the party «against whom the right of redemption is sought to be enforced in this case must have been secured to him, or at least his right to the recovery thereof made manifest — the right of parties to every contract being mutual and reciprocal. (7 Cr. R., 218; Comyn on Cont., 6; 2 Bl. Com., 444.)
And any subsequent promise of the plaintiff in error in relation to the repur-•cliase by defendant in error, (although supported by a consideration,) if by parol •and not to be performed within one year, would be obnoxious, to and within the operation of the statute of frauds. (4 Acts, p. 28; 1 Story Eq., sec. 64.)
Inadequacy of price alone will not be sufficient to determine a deed absolute upon its face to be a mortgage; other facts or concurring circumstances must •be shown. (7 Cr. R., 218; 1 Story Eq., sees. 248-251.)
IV. The application of these principles to the facts of the ease show most ■conclusively the error that intervened in the judgment and proceedings of the •court below. There was no proof of any parol agreement for the redemption •of the negroes (as upon mortgage, nor for a repurchase as upon a defeasible sale) at the time of the execution of the bill of sale. Then it was, as the bill of sale discloses, absolute. The inadequacy of price will not authorize relief to a party from the effects of an improvident bargain, in the absence of any proof that the party complaining was in necessitous circumstances or in a condition to be overreached or imposed upon. If a party can under such circnm- ■ stances successfully claim the rights of a mortgagor in Courts of Equity, it is-’ necessarily upon the equivocal ground that they may elect to be the debtors of the mortgagee or not, as may best comport with their interest or convenience. •Courts of Equity, however, will in no case give relief unless the party applying shows that he has himself performed equity. (1 Story Eq., sec. 64.)
A party who claims the equitable interference of a court in derogation of the right of another, as evidenced by a written contract, must rest his cause on ■clear and satisfactory testimony. (1 Story Eq., secs. 152-158.)
I. It does not appear that any order was made upon the demurrer to the petition. It might therefore be supposed that it was abandoned. It is well ■settled, however, that parol evidence is admissible to show that a deed absolute upon its face was intended as a mortgage. (2 Kinn. Comm., 172; 9 Yerg. R., 172; 10 lb., 373; 4 Id., 37; 1 Johns. Ch‘. R., 594; 4 Id., 1C7; 6 Id., 417; 2 Cow. R., 324; 4 Kent Comm., 142, 160; 2 Pick. R., 206; 17 Id., 100.)
II. After the question of the admissibility of parol evidence, (which is not looked upon as being now an open question,) it only remains to inquire whether' there is any error in the judgment of the court below in overruling the motion for a new trial on the ground that there was not sufficient evidence before the .jury to authorize their verdict. Where so many facts appear from the statement to have been before the jury from which they could legitimately find that, the transaction was a mortgage or conditional sale, but little is necessary to bo said in support of the judgment of the court refusing to disturb tire verdict,. The ■court will not grant a new trial where the evidence submitted to the jury and upon which their verdict was founded is such as is peculiarly their right to decide upon, nor where the construction given by the jury to the evidence appears to be consistent with the justice of the case. (Pet. Dig., p. 107, sec. 21.) Where a controversy consists chiefly of questions of facts, the objections to a verdict must be very cogent to induce the court to grant a new trial. (Id., p, 107, sec-50; 1 Bibb. R., 303; 3 Litt. R., 196; 2 Tex. R., 381.)
it is insisted that the court erred—
1st, in overruling the demurrer; 2d, in refusing the application for a new ■trial.
1. The first objection is not supported by the record. It nowhere ap *50 pears that the demurrer was overruled or what disposition was made of it; and we have repeatedly decided that when exceptions were filed but not subsequently noticed in the proceedings below they will be deemed to have been waived by the party filing them. (1 Tex. R., 527.)
But if'we regard the exceptions as being properly presented for revision, they cannot, it is conceived, be maintained. It is objected to the petition that a parol defeasance is relied on to control the import of an absolute deed when there is no charge of fraud, mistake, or surprise to afford a foundation for the introduction of evidence of the parol defeasance. It is true that fraud is not charged in express terms, but the facts alleged are quite inconsistent with fairness and honesty on the part of the defendant.' If the averments of tlie petition be admitted, (as, for tlie purpose of considering this question, they must be,) there is, we think, no rational conclusion which can be drawn from them consistent with honesty and fair dealing ou the part of the defendant. And though it is usual and proper, and perhaps necessary, under the English rules of pleading, expressly to charge tlie fraudulent intent, where the fraud is alleged to consist in intention anil the quo animo is tlie gist of the inquiry, because in that case fraud is a question of fact, (5 Or. R., 351; 3 Dali., 321, 323, n.,) yet we are not aware of any rule or principle in our own law which requires that the fraudulent intent be expressly averred, when, as in this case, it is a conclusion to be drawn from the facts specially alleged and set forth in the petition, and when tlie existence of these facts, and not the fraudulent intent, is the gist of the inquiry and the foundation of the rights asserted in the action. The petition is deemed in this respect sufficient in law, and hence it does not become material to inquire whether it is essential in our pleadings,, in order to lay a foundation for the introduction of parol evidence to control tlie import of an absolute deed, that fraud, mistake, or accident should be-alleged or shown. As presented it is merely a question of pleading, which, in the view wo have taken of the case, it is unnecessary to determine. It is sufficient in this case that fraud is shown by averment, though not charged’ expressly and in verbis.
Numerous adjudged eases have settled beyond question the general doctrine that a deed absolute oil its face will be valid and effectual as a mortgage, as between the parties, if it was intended by them to be merely a security for a-debt; that the character of the conveyance will be determined by the clear and certain intention of the parties, and that parol evidence is admissible to-show what their intention really was, and that an absolute deed ivas intended as a mortgage. (4 Kent, 142 ; Stampers i>. Johnson, 3 Tex. R., 1, and tlie cases cited.) These general principles are not now controverted ; but—
2. It is insisted that there was no proof of any parol defeasance; that the finding was without evidence, and that a new trial ought therefore to have been awarded.
In Pennsylvania, where, as with us, there is no separate court of chancery, it is held that if the question of a mortgage or not depends upon written instruments, it is for tlie court to decide , but'if on written and parol evidence, it is within the province of the jury to determine. (5 Binn. R., 499.)
Constitution of this State (art. 4, sec. 16) lias settled what shall be the province of tlie jury in this class of cases, by providing that in all causes of equity cognizance tlie parties may have a trial by jury,' •• to be governed by the rules am® regulations prescribed in trials at law.” The same effect and consequence-must therefore be given to the verdict of tlie jury in this class of cases as in. those which, where there are separate jurisdictions, are properly cognizable in. a court of law. The court must determine upon the admissibility of tlie evidence, but it is the exclusive province of t.he jury to judge of the weight to> which it is entitled. If the evidence is admissible, as conducing in any degree to maintain the issue, whether it shall satisfy tlie jury of the truth of the'fact which it conduces to prove, is a question "which must of necessity belong to-them to determine; and though it might not be sufficient to satisfy the mind of the judge, sitting as a chancellor, to decide the facts, yet if it lias- *51 satisfied the jury, tlie court., and especially an appellate, court, will not set aside their verdict merely because the evidence might not be, deemed by a chancellor sufficient proof of the disputed fact. That would be to trench upon the right of trial by jury in this class of eases. It would be, in effect to hold the. verdict legal and effectual only in case it was in accordance with the opinion of the judge, but to render it a nullity, and of consequence to deny the right of a party to have the trial of the ffiet by' a jury unless they should arrive at a conclusion in accordance vvilh the opinion of the judge.
When ihu Constitution has submitted to the jury the trial of the question of fact in a case like the present their finding is entitled to the same weight, and is of tiie same conclusive character respecting the facts properly submitted to them, as in any other ease. It is impossible for the law to prescribe rules by which the. minds of jurors shall be conducted to their conclusion or to define the weight which they shall give to evidence. That is a subject which is not susceptible of legal definition'.
The question to be decided in this case, being that of a mortgage or not, depended upon the actual understanding and intention of the contracting par-f ies, the nature and tenor of the contract, and the existence of the alleged parol defeasance. To this point, in the absence of any direct and positive proof, recourse was had to circumstantial evidence consisting of the acts and parol declarations of the. parties. Their conduct and conversations upon the subject, both before and after the making of the bill of sale, were relied on to show what was their real purpose and intention at the time and in the act of its execution, and were circumstances from which the jury were to infer the real character of the. transaction, and to determine whether the bill of sale was, in fact, executed and intended, as alleged, only as a security for the payment of money. That it was so executed and intended the jury have, in effect, found, and we cannot say that they have found without or contrary to evidence. There was evidence conducing, at least in some degree, to this conclusion, and from a view of all the evidence in ttie record, it is not, perhaps, less probable than the opposite conclusion. But to judge of the degrees of probability and the weight of evidence belonged t.o the jury. These were subjects within their peculiar and exclusive province. And when they have confined themselves wThin their appropriate sphere, and haw acted upon a subject within their peculiar province, the court will not sec aside their verdict and grant a new trial merely because they might, upon an examination of the evidence, have arrived at a result different from that attained by the, jury, or because the verdict is against the mere preponderance of testimony or the’weight of evidence, nor merely because it may appear to them to be founded upon slight evidence. (12 N. Hamp. R., 171; 2 A. K. Marsh. R., 520 ; 2 Rep. Const., Ot., 411; 3 How. Miss. R., 219; 1 Sumner R., 451; 4 Dev. R., 450; 1 Meigs R., 459.)
It cannot with justice be objected that there was entire absence of proof in this case. The most, we can say is that it was of doubtful import. And where the proof is of doubtful interpretation, it is said if the verdict can be sustained in either aspect of the proof it should not be disturbed, (tí Da. R., 395.) And a verdict will not be disturbed merely because it rests upon inferences drawn from circumstances not conclusively established. (4 B. Mon. R., 386.)
Again, it has been held that an appellate court will not disturb the verdi 't when there was any evidence in support of it. (2 Mon. R., 76, 142; 1 Meigs R., 84.)
In this class of cases, when the judge who presided at the trial and heard the witnesses testify has refused to set aside the verdict, the appellate court ought certainly to exercise its revising power with great caution, and never to disturb the verdict when there was any evidence to support it, unless there is reason to apprehend that injustice may have been done.
In the case before us there was at least some evidence in support of the verdict, and we see nothing in the record to induce the belief that the result of the trial was not in entire accordance with the very truth and justice of the case.
We are of opinion therefore that the judgment be affirmed.
*52 Note. — On an application for a rehearing this case was held under advisement until the December Term, 1849, when it was decided on the 22d day of February, 1850, the court adhering to their first opinion.
Note 15. — Wells v. Barnett, 7 T., 584.