### THOMAS WELCH ET AL. v. M. P. RENFRO.

#### Decided March 29, 1906.

**1.—Garnishment—Tort.**

In a suit for the value of two horses alleged to have been driven to death by the defendant the plaintiff sued out a writ of garnishment and had it served upon a deputy sheriff with whom defendant had deposited money in lieu of an appearance bond in a criminal case. Held, the suit was for unliquidated damages, and the writ should have been quashed.

**2.—Same—Assignment—Notice.**

Before the service of the writ of garnishment the money in the hands of the sheriff had been assigned to third parties by the defendant, and the garnishee had notice of the fact. The money, therefore, was not subject to garnishment for the debt of the defendant.

Appeal from the County Court of Nacogdoches County. Tried below before Hon. Robert Berger.

*Blount & Garrison* and *S. M. Adams,* for appellant.—That the action was founded upon a tort, and therefore would not support an attachment or garnishment, cited: El Paso Nat. Bank v. Fuchs, 89 Texas, 197; Hochstadler v. Sam, 73 Texas, 315; Medley v. American Radiator Co., 66 S. W. Rep., 86; 4 Am. & Eng. Ency. of Law, 444-446; Drake on Attach., secs. 10, 451, 452, 453 and authorities cited; Rev. Stats., arts. 186, 217; Neely v. Grayson County Nat. Bank, 61 S. W. Rep., 559.

The money in the hands of the sheriff was not subject to garnishment because the same was taken from the person of defendant while he was under arrest. Richardson v. Anderson, 18 S. W. Rep., 195; Hill v. Hatch, 41 S. W. Rep., 349; Hubbard v. Gardener, 69 Am. State Rep., 580.

*Ingraham, Middlebrook & Hodges* and *King & King,* for appellees.— A scintilla of evidence, or a mere surmise that appellant's debt to appellee was unliquidated, sounding in tort, assigned or *in custodia legis* would not justify a trial court in submitting a case to the jury. Galveston, H. & S. A. Ry. Co. v. Faber, 77 Texas, 153; International & G. N. Ry. Co. v. Hall, 12 Texas Civ. App., 15.

A bailor can either sue for damages for the conversion or destruction of animals hired, or sue upon his implied contract for the value thereof.

Willis v. Hudson, 63 Texas, 678; Gause v. Cone, 73 Texas, 240; Kreisle
v. Campbell, 32 S. W. Rep., 581.

REESE, ASSOCIATE JUSTICE.—M. P. Renfro sued Thomas Welch in
a Justice Court to recover the value of two horses which had been hired
by Renfro to Welch and which Welch had driven to death. Ancillary to
this suit Renfro sued out a writ of garnishment against Gaines Purvis,
deputy sheriff, who was alleged to have in his possession $150, the prop-
erty of Welch, or to be indebted to him in that amount. Welch had been
arrested by Purvis at night upon a charge of malicious mischief in driv-
ing the horses to death, and to save himself from going to jail had de-
posited with Purvis $150 in cash as security for his appearance the next
morning, for which Purvis, as deputy sheriff, had given him a receipt in
the name of Spradley, the sheriff. Early the next morning Welch em-
ployed the law firm of Garrison & Blount to defend him in the criminal
case, agreeing to pay them a fee of $75 and also procured them to make
his appearance bond. In payment of the fee and to indemnify them
against liability on the appearance bond Welch gave Garrison & Blount
an order on Spradley for the $150. The appearance bond was presented
to the sheriff and approved by him and Welch released. Upon presenta-
tion of the order for the money Spradley said it was all right and that
he would pay it over as soon as Purvis came in. Before the money was
turned over, however, writ of garnishment was served upon Purvis,
whereupon the sheriff declined to pay over the money to Garrison &
Blount, who replevied the money under the statute. All of the parties
answered the garnishment suit, setting up the facts which are substan-
tially as above stated, and moved to dismiss the garnishment writ upon
the ground that the suit against Welch was for unliquidated damages
for a tort, and also that the money had been transferred and assigned
to Garrison & Blount, and Spradley had been notified of such transfer
before the service of the writ of garnishment.

The motion was refused, and judgment was rendered against Garrison
& Blount and the sureties on the replevy bond for the amount claimed
in the garnishment. Upon appeal to the County Court the same result
was reached, and from this judgment the defendants in the garnish-
ment proceedings appeal to this court.

Clearly Renfro's suit against Welch was an action for unliquidated
damages for the tort committed by Welch in driving his horses to death.
The plaintiff could not make it a debt, within the meaning of the statute
authorizing garnishment proceedings, by simply calling it a debt. The
writ of garnishment was not authorized and should have been quashed.
(Hockstadler v. Sam, 73 Texas, 315; El Paso National Bank v. Fuchs,
89 Texas, 197.)

The money had been placed in the hands of Purvis, deputy sheriff,
as the agent of Spradley, the sheriff, as shown by the receipt, and the
assignment to Garrison & Blount and notice thereof to Spradley before
the service of the writ of garnishment on Purvis was a bar to the gar-
nishment proceedings against Purvis. At the time of the service of the
writ the money was the property of Garrison & Blount, who were entitled
to $75 of it absolutely, and to the balance as an indemnity against loss
on the appearance bond.

For the errors indicated the judgment of the County Court is reversed and judgment here rendered for appellants.

*Reversed and rendered.*