WAGGONER et ux. v. BRIGGS et al. (No. 1294.)

(Court of Civil Appeals of Texas. Texarkana. April 9, 1914. Rehearing Denied April 16, 1914.)

1. APPEAL AND ERROR (§ 547*)—ASSIGNMENTS OF ERROR—DISQUALIFICATION OF JUDGE—BILL OF EXCEPTIONS.

An assignment of error that the judgment appealed from was void because the judge was disqualified could not be sustained where there was no bill of exceptions in the record showing disqualifying facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

2. COSTS (§ 173*)—GARNISHMENT—ATTORNEY'S FEES.

Plaintiff in garnishment cannot recover attorney's fees against the garnishees, since the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

only attorney's fees allowable are those authorized by statute to the garnishee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 688–690; Dec. Dig. § 173.*]

3. GARNISHMENT (§ 29*)—PROPERTY SUBJECT —PLEDGES.

Whether money pledged to sureties on a bail bond was subject to garnishment as the property of the pledgor depends, not on whether it is in custodia legis, but on whether the rights of the pledgee wil be prejudiced thereby.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 47, 50, 74, 98, 100; Dec. Dig. § 29.*]

4. GARNISHMENT (§ 29*)—PROPERTY SUBJECT — PLEDGED PROPERTY — TERMINATION OF PLEDGE.

Rev. St. 1911, arts. 293, 294, authorize the court to render judgment against a garnishee at the time the court does render the judgment, when it is made to appeal from the garnishee's answer or otherwise that the garnishee is indebted to the defendant in any amount, or has in his possession, or had when the writ was served, any effects of the defendant liable to execution; and article 3744, declares that pledged property is liable to seizure on execution. *Held* that, where money was pledged to the sureties on a bail bond to secure the pledgor's performance of the condition, and, when judgment was rendered against the sureties as garnishees, their right to hold the money had been terminated by performance of the condition of the bond, the money was subject to garnishment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 47, 50, 74, 98, 100; Dec. Dig. § 29.*]

Appeal from Rockwall County Court; W. B. Wade, Special Judge.

Action by Ed. S. Briggs and others against T. H. Waggoner and wife. Judgment for plaintiffs, and defendants appeal. Modified and affirmed.

On November 12, 1910, T. H. Waggoner was arrested on a felony charge, and on the evening of the same day of his arrest he executed a bail bond, which was approved by the justice of the peace, in the sum of $500, with E. S. Briggs and L. A. Wilkie as sureties. As an inducement to the sureties to sign the bail bond there was deposited by Waggoner with the sureties $500 in money, in order to secure and indemnify them in the event there was a forfeiture of the bond by nonappearance of the accused at court according to the terms of the bail bond. At a following term of the district court the accused was indicted, tried, and acquitted of the charge. After the deposit of the $500 with the sureties, and before the judgment of acquittal, the appellees Waggoner and Meyers had issued and served a garnishment writ on Briggs and Wilkie on their judgment against T. H. Waggoner for $220 and costs. The garnishment proceedings were tried after the acquittal of the accused. The garnishees set up the facts in their answer. T. H. Waggoner intervened in the suit and claimed, first, that the $500 deposited with the sureties was the separate property of his wife, and, second, that the funds were in the custody of the law at the time of service of the garnishment, and not subject to garnishment. The court made the finding of fact that the money deposited by Waggoner was his own money, obtained through the sale of some cotton by him. The evidence warrants the finding of the court. Judgment was entered for the plaintiffs.

T. B. Ridgell, of Rockwall, for appellants. Futch & Tipps, of Henderson, for appellees.

LEVY, J. (after stating the facts as above). [1] The ninth assignment contends that the judgment is void because the judge who tried the case was legally disqualified. There is no bill of exception in the record showing any facts of disqualification, and we find nothing in the record that shows legal disqualifications.

The third assignment contends that the facts show that the fund was the separate property of the wife of the intervener. The court made a contrary finding, and the finding is not, as a matter of law, unwarranted.

[2] Complaint is made by the fifth and sixth assignments of the extent of recovery allowed plaintiffs by the terms of the judgment. The judgment of the county court of Rusk county in transferring the suit expressly taxed the costs against plaintiffs, and they cannot recover such costs under the present judgment. The judgment here reads, as material to the point: "It is therefore adjudged and decreed by the court that J. H. Waggoner and I. B. Meyers do have and recover of Ed. Briggs and L. A. Wilkie, garnishees, judgment for the sum of two hundred and twenty and 70/100 dollars, with 6% from this date on their debt, and the further sum of eighty and no/100 dollars, their costs and all costs of suit in this behalf expended, and for all of which let execution issue." Plaintiffs did not sue for $80 besides their debt of $220.70. This item of $80 is, according to the evidence, attorney's fees and other expenses incurred by the garnishees. But the plaintiffs themselves are not entitled to recover against the garnishees such attorney's fees. Attorney's fees are a matter of compensation under the statute only to the garnishee, and not a liability of the garnishee to the plaintiff. The recovery of $80 by the plaintiffs constitutes fundamental error, and must be eliminated from the judgment.

[3, 4] The remaining assignments lead to the same point for error. The contention is that the money pledged to the sureties to induce them to becomes sureties on appellant Waggoner's bail bond is exempt from garnishment at the hands of a creditor of the pledgor. The pledge of funds is purely a voluntary contract. The pledgee has a qualified property in the thing pledged, and is entitled to the possession. There remains in the pledgor a legal interest such as the law will recognize. Therefore any obstacle to seizure and sale under execution or garnishment is not upon the ground that the property is in the custody of the law. The objection to the

seizure must rest, if at all, upon being in violation of the rights of the pledgee under the contract with the pledgor. Under the common law pledged property could not be taken under execution against the pledgor without first divesting the pledgee's right of possession by paying him the amount of the debt. But the statute of this state now subjects pledged property to seizure under execution. Article 3744, R. S. And article 294, R. S., authorizes judgment against a garnishee for "any effects of the defendant" which are "liable to execution." This statute would seem to affirmatively answer the question of whether pledged funds are subject to garnishment. But this statute controlling garnishment of pledged property does not relieve the plaintiff from showing at the time the judgment is rendered that his right to have the property subjected to his debt is perfected, and that the pledgee is not entitled to retain it as security for the performance of the obligation on the part of the pledgor. Here the proceedings were actually tried after the rendition of the judgment of acquittal of the accused. On the acquittal of the accused the agreement as to the pledged property was ended, and the pledgees had no contingent or further interest in the fund as security for the performance of the bail bond. The garnishees answered by setting up the facts, and asking the court to decide the rights between all parties. The statute authorizes the court to render judgment against the garnishee, at the time the court does render the judgment, when it is made to appear "from the garnishee's answer or otherwise" that the garnishee "is indebted to the defendant in any amount," or "has in his possession, or had when the writ was served, any effects of the defendant liable to execution." Articles 293 and 294, R. S. If the court, at the time he is called upon to make final judgment, can look to facts disclosed by the "garnishee's answer," or as shown "otherwise," as authorized by the statute, to determine the right of the plaintiff to a judgment, then at the time the judgment was entered in the instant suit there was no obstacle whatever against subjecting the funds to garnishment.

The case cited by appellants of Medley v. Radiator Co., 27 Tex. Civ. App. 384, 66 S. W. 87, involved the question of whether a balance to become due on an uncompleted building contract, entire and indivisible in its nature, was subject to garnishment. There were several creditors contesting the priority of the garnishment lien. The court there held, in determining the priority of liens of the creditors, that the lien of the garnishment attaches only to such liability as had accrued at the date of service, or which accrues between the service and the date named for the answer, and at that time there was not owing or accrued any debt, and hence the garnishee acquired no legal lien.

The facts and the question involved are quite dissimilar to the instant case.

The case of Loftus v. Williams, 24 Tex. Civ. App. 393, 59 S. W. 291, was where a garnishment was issued against money in the hands of a clerk of the court, held by him for payment to a defendant in execution. Clearly, as held by the court, such property was in custodia legis.

In Welch v. Renfro, 42 Tex. Civ. App. 460, 94 S. W. 107, Renfro's suit against Welch was for unliquidated damages, and, as held by the court, the plaintiff's cause of action was not for a debt within the meaning of the statute authorizing garnishment proceedings, and consequently the writ was quashed. The latter part of the opinion, relating to the exemption of the money, was not necessary to the decision of the case. But, assuming that it was a necessary ground for ruling in that case, and not dicta, the facts are very unlike those of the instant case, and the ruling not opposed to the instant ruling. There an assignment of the funds was made to Blount & Garrison by the accused, and the accused was trying, as against the officer and Blount & Garrison, the assignees, to subject the funds to garnishment. The court said that under these circumstances the accused was barred by the terms of his assignment from any right to the funds.

The case of Cope v. Shoemate, 139 Mo. App. 4, 119 S. W. 503, relied on by appellants, is where Dent received money from Mrs. Shoemate for going on the injunction bond of Mrs. Shelton, and was garnished by Cope, the execution creditor of Mrs. Shoemate. Cope first sued out a garnishment writ while the injunction was pending. This suit was tried on the answer of the garnishee denying he owed Mrs. Shoemate anything, and asserting a specific lien on the fund. A judgment resulted in favor of the garnishee on the issues involved. After the final termination of the injunction suit Cope sued out another garnishment writ against Dent. And the first judgment was pleaded as res adjudicata. The court overruled the plea on the ground that, at the time the judgment was rendered, "Dent held a specific lien on and was entitled to retain the $200 in his hands as against Mrs. Shoemate." But, as remarked by the court, "after the injunction suit had been determined in Mrs. Shelton's favor, and Dent discharged from liability as her bondsman, the $200 remained in his hands free from any claim or lien, was garnishable assets, and might be garnished by Cope on his judgment against Mrs. Shoemate, if it belonged to her." The decision is under the facts there, and the ruling not at all opposed to the ruling of the instant case. At the time the court was called upon to render judgment in the instant case it was made to appear conclusively and admittedly that the terms of the pledge had been fully performed, and that there was no lien or claim assert-

ed by the garnishees, and that the property was that only of the defendant Waggoner.

The judgment is reformed so as to eliminate the recovery in favor of the plaintiff against the garnishees of the $80 and as so reformed will be affirmed. The plaintiffs Waggoner and Meyers will, for the error, be taxed with the costs of appeal.