**STEWART v. FORREST et al.**

No. 10403.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 18, 1939.

Rehearing Denied Feb. 15, 1939.

Whipple & Rabel, of San Antonio, for appellant.

J. I. Kercheville and Harry A. Nass, both of San Antonio, for appellees.

SLATTON, Justice.

J. T. Stewart, as plaintiff in cause No. 84687, entitled J. T. Stewart v. John P. Forrest, Refinance Discount Company, John P. Forrest Company, T. S. Forrest, R. L. Forrest, Boston Finance Company, Texas Collection Agency, A. K. Church and C. E. Smeltz, pending in the 37th District Court, applied for two writs of garnishment, one to issue to Groos National Bank and one to National Bank of Commerce. Said writs were issued on the second day of October, 1936. The garnishees duly answered. Some of the named defendants answered by way of motions to quash the writs because the action declared upon in cause No. 83,687 by Stewart sounded in tort and was therefore unliquidated and uncertain. Thereafter said garnishment proceedings were by the court consolidated.

Thereafter, on the 10th day of December 1937, the trial court heard the motions to quash, and as shown by the judgment quashed said writs, because "the major portion of the plaintiff's cause of action, set forth in his original petition, sounds in tort and that the remedy of garnishment for this reason would not be available." To which action of the court J. T. Stewart excepted and gave notice of appeal. His appeal has been perfected in this court.

There is no statement of facts in the record. The pleadings filed in the main suit by Stewart in cause No. 84,687 have not been brought forward to this Court in the form of a bill of exception.

It seems to be the rule in this state that a party suing upon an action sounding in tort, being an unliquidated demand, is not entitled to a writ of garnishment under our statutes. Welch et al. v. Renfro, 42 Tex.Civ.App. 460, 94 S.W. 107. The same is true of a writ of attachment, El Paso National Bank et al. v. Ernesto Fuchs, 89 Tex. 197, 34 S.W. 206.

According to the judgment of the trial court, the demand of Stewart was for tort and unliquidated, therefore, he was not entitled to the issuance of the writs and under such facts the trial court, upon proper motion, correctly quashed the same. The trial court had the right to look to the pleading filed by Stewart to aid in the determination of the nature of his suit. Burge v. Beaumont Carriage Co., 47 Tex. Civ.App. 223, 105 S.W. 232.

The trial court having determined that the action asserted by Stewart was in tort and unliquidated, presumably upon sufficient evidence (very likely the pleadings of Stewart filed in the main case), we are unable to perceive error in such action, because the pleadings of Stewart in the main case have not been brought before us in this record. Under such circumstances we must give the judgment of the trial court the presumption to which it is entitled. This being true, it follows that the judgment of the trial court should be affirmed.