# THE ATTORNEY GENERAL R-641
# OF TEXAS



July 16, 1947

Hon. Jesse James,
State Treasurer,
Austin, Texas

Opinion No. V-307

Re: Construction of Article 1524-a, V.C.S. with respect to transfers of securities and releases thereof, deposited with the State Treasurer.

Dear Sir:

Your letter of request for an opinion upon the above titled subject matter is as follows:

"In compliance with the provisions of Article 1524-a, one of the investment companies has been depositing with this Department certain real estate notes. When these notes are deposited, Transfers of Lien are furnished this office, said transfers having first been filed in the county clerk's office of the county in which the property is located. A blank form of such transfer is enclosed herewith.

"When the notes are withdrawn from this office, we execute another Transfer of Lien, transferring ownership back to the company. This transfer also is enclosed.

"The question has now arisen as to whether we are using the correct language in such transfers, as the ones now being used purport to transfer ownership by actual sale, when as a matter of fact, the ownership is transferred only in trust.

"To clarify this situation, we kindly request your opinion of the following questions:

"1.  Are the forms furnished herewith cor-
rect, or, should the purported cash con-
sideration be left out and the words 'in
trust' be added?  If you have further
suggestions to make on what the correct
forms should be, we will appreciate your
views.

"2.  If the enclosed forms are not cor-
rect, should the transfers of lien now in
force on the notes now deposited be a-
mended so as to correct the error?

"3.  Should the State Department of Bank-
ing approve, in writing, each Transfer of
Lien, before it is accepted by this office?"

For convenience we shall answer your questions
in the order in which they are stated.

1.  The form of transfer of the deposits con-
templated under Article 1524-a of Vernon's Civil Statutes
which accompanies your letter is that of an absolute con-
veyance to the Treasurer.  It makes no reference to the
statute nor does it specify that the conveyance is in trust
of any character.

We think, however, the form is sufficient for
the statutory purposes mentioned.  A deed, absolute in form,
may be shown to be a conveyance in trust or mortgage.  Car-
ter vs. Carter, 5 Tex. 93; Young v. Fitts, 183 S.W. (2d)
186; Leonard vs. Smith, 186 S. W. (2d) 284.

It would not be amiss, however, to add to the
granting clause the words "such conveyance being in statu-
tory trust", although this is not indispensable.

Your form of the conveyance by the Treasurer
to the depositor is an absolute sale upon a nominal consid-
eration.  We think this form is sufficient for the same
reasons we have stated above in support of the transfer to
the Treasurer.

2.  Since we have held the forms to be suffi-
cient, it is unnecessary to answer your question No. 2.

3.  The State Treasurer should not accept any
deposits under Article 1524-a - whether as an original or
replacement deposit - without certificate of approval by

the Banking Commissioner as being eligible and sufficient in reasonable market value for the purpose of the deposit. This certificate of eligibility and sufficiency, however, does not absolve the Treasurer from the duty of requiring the proper legal transfers of such deposits to the State Treasurer. We hand you herewith copy of Opinion No. O-957 by this department written to your predecessor, Hon. Charlie Lockhart, which may be helpful.

## SUMMARY

1. Transfers of real securities to the State Treasurer under Article 1524-a of Vernon's Civil Statutes, may be in the form of absolute conveyance. Carter vs. Carter, 5 Tex. 93; Young vs. Fitts, 183 S.W. (2d) 186; Leonard vs. Smith, 186 S. W. (2d) 284.

2. The Treasurer should not accept any such deposits, unless they are accompanied by the certificate of the Banking Commissioner as to eligibility and sufficiency for the purpose of deposit.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ocie Speer
Ocie Speer
Assistant

OS:wb

Encl.

APPROVED:

Price Daniel
ATTORNEY GENERAL