■ In our opinion the court erred in sustaining the special exception directed to the sufficiency of the description contained in the memorandum.

In sustaining another special exception the trial court held that the plaintiffs' petition is insufficient because it does not allege that they could and would have sold the property had it not been for the defendant's alleged breach of the contract. This question of law was presented in appellants' brief in the Court of Civil Appeals, but was not decided by that Court.

By the terms of the memorandum copied in the petition the defendant appointed the plaintiffs his exclusive agents for a period of sixty days to sell his property, agreeing to pay them a cash commission of five per cent. The petition alleges that the plaintiffs began a course of advertising the property, showed it to a member of prospective purchasers, and in other ways exerted themselves to make a sale, and that they would have continued their efforts to sell and the expenditure of money to advertise the property until it was actually sold, but for the defendant's breach of the contract; and that the defendant, before the expiration of the sixty day period and without the knowledge of the plaintiffs, sold the property through another real estate agent. The suit is for damages on account of the defendant's alleged breach of the contract.

■■ In our opinion the second special exception should have been overruled. Proof of the allegations contained in the petition would prima facie make a case for the plaintiffs. "If the plaintiff could not or would not have performed the contract, regardless of its breach by the defendants, it was incumbent upon them to make the proof." Park v. Swartz, 110 Tex. 564, 566, 222 S.W. 156.

The judgments of the Court of Civil Appeals and the district court are reversed and the cause is remanded to the district court.

CLEVELAND v. SAN ANTONIO BUILD-ING & LOAN ASS'N et al.

No. 11909.

Court of Civil Appeals of Texas. San Antonio.

Jan. 19, 1948.

Rehearing Denied Feb. 16, 1949.

G. Woodson Morris, Harry B. Berry, San Antonio, for appellant.

Walter C. Wolff, Chas. J. Lieck, San Antonio, for appellees.

NORVELL, Justice.

This as an appeal from an order quashing a writ of garnishment. The writ was issued against San Antonio Building & Loan Association at the instance of the appellant, Exie M. Cleveland. The motion to quash was filed by Bertha Otterstetter, appellee, who was the defendant in the main suit to which the writ of garnishment was ancillary.

Two questions are presented. First, is the nature of appellant's demand against appellee such as will support the issuance of a writ of garnishment under Article 4076, § 2, Vernon's Ann.Civ.Stats.? Second, may appellee's motion to quash be considered although she has filed no bond to replevy the impounded property?

In her petition appellant alleged that on March 29, 1946, she and appellee entered into a contract whereby appellant paid to appellee the sum of $2,000 in cash for the furniture and fixtures, business and good will of a certain rooming and boarding house located at 1106 Broadway in the City of San Antonio, Texas.

Appellant also alleged that appellee had occupied the premises as a tenant for about six years, but that prior to March 29, 1946, the owner of the premises had given appellee notice to quit, but that appellee fraudulently concealed this fact from appellant and informed her that the landlord would allow appellant to stay in the building and continue to operate the rooming and boarding house. That, however, in June of 1946 appellant at the instance of the landlord and with the approval of the rent control authorities was forced to vacate the premises. Appellant asked for a judgment rescinding the contract, offered to re-deliver the furniture and fixtures to appellee and prayed for a judgment for the return of the $2,000 paid to appellee.

That part of Article 4076 relied upon to support the garnishment reads as follows:

"The clerks of the district and county courts and justices of the peace may issue writs of garnishment, returnable to their respective courts, in the following cases: * * *

"2. Where the plaintiff sues for a debt and makes affidavit that such debt is just, due and unpaid, and that the defendant has not within his knowledge property in his possession within this State, subject to execution, sufficient to satisfy such debt; and that the garnishment applied for is not sued out to injure either the defendant or the garnishee."

Under the provision above set out, the writ is restricted to cases "where the plaintiff sues for a debt."

■ Appellant pleaded a suit founded in tort, one based upon fraud and deceit. The measure of damages recoverable in such suits is often determined by the election of the plaintiff to proceed either at law or in equity. Under certain circumstances one may either affirm the contract and sue for damages or disaffirm the contract and rescind in equity. In certain cases, when a rescission is ordered, a judgment for the return of purchase money paid may be ordered in order that the status quo may be restored. The demand or claim for the return of the money is in some respects similar to an assumpsit count for money had and received. But here no cancellation of the contract has yet been effected by agreement, court decree, or otherwise, so that appellant's demand is not a simple one for money had and received. In order to secure a cancellation or rescission appellant must prove her allegations to the effect that she has been the victim of fraud and deceit. Her suit is one founded in tort and is not one for "debt" as that term is used in said Article 4076. Jesse French Piano & Organ Co. v. Gibbon, Tex.Civ.App., 180 S.W. 1185; Welch v. Renfro, 42 Tex.Civ.App. 460, 94 S.W. 107; 20 Tex.Jur. 709, § 10. The first question above stated must be answered in the negative, that is, contrary to appellant's contention.

■ We answer the second question stated in the affirmative. We hold that it was not necessary for appellee to replevy the impounded fund before filing her motion to quash. Although there seems to be a conflict of authority upon the question, we are of the opinion that the better reasoning supports the holding of the Eastland Court of Civil Appeals in First National Bank of Munday v. Guinn, 57 S.W.2d 880. See also, First National Bank of Athens v. Davidson, El Paso Court of Civil Appeals, 67 S.W.2d 456.

All of appellant's points are overruled. The judgment appealed from is affirmed.